IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv23

| | | |
|---|---|---|
| GERALD ABATEMARCO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LEGASUS OF NORTH CAROLINA, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion for More Definite Statement [# 24]. Plaintiffs brought this action against Defendants asserting numerous claims arising out of a failed real estate development in North Carolina called River Rock. Plaintiffs all purchased lots in River Rock. Defendants now move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The Court **DENIES** Defendants' motion [# 24].

**I.  Analysis**

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). If a complaint alleges fraud or mistake, the complaint "must state with particularity the circumstances constituting fraud or mistake . . . ." Fed. R. Civ. P. 9(b). Rule 12(e), in turn, provides that a

party may move for a more definite statement of the claims asserted in a complaint where the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also Doe v. Bayer Corp., 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005) . As a leading commentator has explained:

> [t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss. At the same time, the pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself.

5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1376 (3d ed. 2004). If the Court grants a motion for a more definite statement and the party does not provide a more definite statement within the specified time period, then the Court may strike the complaint or issue "any other appropriate order." Fed. R. Civ. P. 12(e).

Plaintiffs' Complaint is not so vague or ambiguous that Defendants cannot reasonably prepare a response. See Fed. R. Civ. P. 12(e); Static Control Components, Inc. v. Darkprint Imaging, Inc., 135 F. Supp. 2d 722, 733 (M.D.N.C. 2001). The Complaint sets forth specific claims in separate paragraphs and provides Defendants with the general factual basis of those claims. Moreover, the

Complaint sets forth which Plaintiffs are asserting which claims against which Defendants. Defendants are well aware of the claims Plaintiffs are asserting and the basis of those claims. See e.g., Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 280-81 (M.D.N.C. 2005) (denying Rule 12(e) motion where the allegations were sufficient to allow defendant to respond to the complaint). Under such circumstances, Rule 12(e) is not the proper mechanism for challenging a complaint. Accordingly, the Court **DENIES** Defendants' Motion for More Definite Statement [# 24].

## II. Conclusion

The Court **DENIES** Defendants' Motion for More Definite Statement [# 24].

Signed: October 3, 2011

Dennis L. Howell
United States Magistrate Judge